**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**WILLIE MITCHELL JR.,**

**Plaintiff,**

**v.** **Case No.: 5:26-cv-00322-JSS-PRL**

**TRUIST BANK,**

**Defendant,**
**______________________________________/**

**ORDER**

The Plaintiff, Willie Mitchell, Jr., who is proceeding pro se, filed this action against Truist Bank. (Doc. 1). Plaintiff seeks to proceed in forma pauperis. (Doc. 2). For the reasons explained below, the motion to proceed in forma pauperis will be taken under advisement, and, in an abundance of caution, Plaintiff will be given an opportunity to amend the complaint.

**I. Legal Standards**

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

**II. Discussion**

The complaint consists of approximately 47 pages, including six pages of allegations and voluminous attachments. As best can be discerned from the allegations of the complaint, Plaintiff's claim arises from a bank account he previously held at Truist Bank, and his apparent dissatisfaction with the bank's handling of a disputed charge for $14.99. Plaintiff alleges that he disputed the charge, and his account was later flagged for suspicious activity and the account was restricted. Plaintiff further alleges that his Social Security payments were returned and that he suffered "downstream banking harm and inability to access financial systems." (Doc. 1).

Plaintiff's complaint attempts to state the following claims: (1) "negligent misrepresentation;" (2) "fraud/constructive fraud;" (3) "defamation (conditional);" (4) "FCRA violation;" and (5) "FTUTPA," "deceptive and unfair trade practices." Plaintiff demands damages not less than $500,000.

To begin, the allegations of each of the counts pled are vague, conclusory, non-specific, and devoid of well-pled facts. The complaint does not meet the pleading requirements set forth in the Federal Rules of Civil Procedure. The complaint does not contain a short and plain statement of the claim(s) showing that the pleader is entitled to relief, as required by Rule 8. Although Plaintiff is proceeding pro se, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Indeed, each of the five counts pled by Plaintiff consists of nothing more than a reference to the cause of action and a single sentence or phrase concluding that Defendant

violated the law. In other words, Plaintiff's complaint is devoid of well-pled facts supporting each of the claims for relief.

More significantly, Plaintiff has stated no basis for the Court's jurisdiction. Federal courts are courts of limited jurisdiction and therefore, have an obligation to inquire into their subject matter jurisdiction. *See Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279-80 (11th Cir. 2001). Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the Unites States") in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and § 1332.

Simply put, the conclusory statements in the complaint are insufficient to establish a basis for this Court's jurisdiction. Rather, as evidenced by the voluminous exhibits to the complaint, this matter is primarily a customer service dispute between Plaintiff and his former bank, and is apparently governed by a Bank Services Agreement, including terms regarding arbitration. (Doc. 1 at 37). Notably, Plaintiff's attempts to plead a federal question are entirely conclusory and even conditional. For example, in Count IV titled "FCRA Violation," Plaintiff states that "[i]f inaccurate information was reported, Defendant violated federal law." (Doc. 1 at 2). Plaintiff is cautioned that, despite proceeding pro se, he must comply with the Local Rules of this Court and the Federal Rules of Civil Procedure, including Rule 11(b) regarding representations to the Court. Speculative and frivolous claims are subject to sanctions, and factual contentions will require evidentiary support.

Out of an abundance of caution, the Court will provide Plaintiff with the opportunity to file an amended complaint to clarify the bases for his claims. Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which relief is sought and explain with factual allegations how defendant(s) are responsible. Plaintiff should carefully consider whether he can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

**III. Conclusion**

Accordingly, Plaintiff's motion to proceed in forma pauperis is **TAKEN UNDER ADVISEMENT**, and Plaintiff shall have until **October 12, 2026,** to file an amended complaint. The amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

Further, Plaintiff is cautioned that despite proceeding pro se, he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http:w.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this

District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

**DONE** and **ORDERED** in Ocala, Florida on September 9, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties